IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| HENRY CATO, Jr. #2214123,<br>  *Plaintiff,* | § <br> § <br> § | |
| v. | § <br> § | CIVIL ACTION NO. 6:23-CV-448 |
| O. PEDRO, *et al.*,<br>  *Defendants.* | § <br> § <br> § | |

**Defendant Pedro's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(6)**

Defendant O. Pedro ("Defendant") files this Motion to Dismiss in response to the complaint filed against him. Defendant moves to have all claims against him dismissed pursuant to Fed. R. Civ. P. (12)(b)(6). In support of his motion, Defendant respectfully submits the following:

### I. Statement of the Case

Plaintiff Henry Cato Jr. ("Plaintiff") brings this action against Defendant for an alleged use of force. ECF Nos. 8, 9, and 10. In his Amended Complaint and attached documents, Plaintiff alleges that Defendant struck him "numerous times in the head and climbed upon [Plaintiff] with all his force." ECF No. 10 at 1. Plaintiff states that he was "out" but awoken "with a blow to the front temple with [a] communication device from O. Pedro." ECF No. 8 at 4. Plaintiff states that the alleged excessive use of force occurred on December 17, 2020. ECF No. 9 at 1; ECF No. 10 at 1, 3.

### II. Statement of the Issues

**A.** Is Plaintiff's claim time barred by the statute of limitations?

### III. Standard of Review

Federal Rule of Civil Procedure 12(b)(6) governs motions to dismiss for failure to state a claim upon which relief can be granted. In considering a motion to dismiss for failure to state a claim, a

1

district court must limit itself to the contents of the pleadings, including attachments thereto. *Collins v. Morgan Stanley Dean Witter*, 244 F.3d 496, 498 (5th Cir. 2000). To avoid dismissal under Rule 12(b)(6), a plaintiff must plead sufficient facts to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). While courts must accept all factual allegations in a plaintiff's complaint as true, courts "do not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions." *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005); see also *Iqbal*, 556 U.S. at 679. To state a claim for which relief may be granted under the federal pleading rules, a "complaint must be plausible on its face based on factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Whitaker v. Collier*, 862 F.3d 490, 497 (5th Cir. 2017).

"A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Jones v. Alcoa*, 339 F.3d 359, 366 (5th Cir. 2003). The statute of limitations for suits brought under § 1983 is determined by the general statute of limitations governing personal injuries in the forum state. *Shelby v. City of El Paso*, 577 F. App'x 327, 331 (5th Cir. 2014). The general statute of limitations for personal injury actions in Texas is two years. TEX. CIV. PRAC. & REM. CODE § 16.003(a). The statute of limitations for this action is two years.

Although courts must look to state law to determine the length of the statute of limitations for a § 1983 claim, federal law governs when the statute of limitations begins to accrue. *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989). Under the federal standard, the statute of limitations for a § 1983 claim begins to accrue when the party "knows or has reason to know of the injury which is the basis of the action." *Id.* (quoting *Lavellee v. Listi*, 611 F.2d 1129, 1131 (5th Cir. 1980)). The statute of limitations period commences once the plaintiff acquires possession of two critical facts: (1) an injury has occurred; and (2) the identity of the person who inflicted the injury. *Piotrowski v. City of Houston*, 51

2

F.3d 512, 516 (5th Cir. 1995) (citing *Stewart v. Parish of Jefferson*, 951 F.2d 681, 684 (5th Cir. 1992)). Generally, an excessive use of force claim accrues on the date the force was inflicted. *Morrill v. City of Denton, Tex.*, 693 F. App'x 304, 306 (5th Cir. 2017) (per curiam).

"A civil action is commenced by filing a complaint with the court." Fed. R. Civ. P. 3. Complaints filed one day, or even mere minutes, after the statute of limitations has expired are time barred. *Salas v. City of Galena Park*, No. 21-20170, No. 21-20333, 2022 WL 1487024, at *8 (5th Cir. May 11, 2022); see also *U.S. v. Locke*, 471 U.S. 84, 101 (1985).

## IV. Argument

### A. Plaintiff's claim is time-barred by the two-year statute of limitations because the statute of limitations began to accrue on or before December 22, 2020, and this action commenced on August 30, 2023.

Plaintiff initiated this lawsuit by filing his original complaint on September 5, 2023. ECF No. 1. Plaintiff signed his original complaint on August 30, 2023. *Id.* For the purpose of this motion, Defendant will consider August 30, 2023, as the date in which this action was commenced.

In this action, Plaintiff alleges that on December 17, 2020, he was subjected to excessive force by Defendant. Plaintiff alleges that he was knocked out, then awoken to Defendant striking him on the temple with a radio. On December 17, 2020, Plaintiff knew that his alleged injuries had occurred and knew the identity of the person who inflicted the alleged injury. The statute of limitations for this § 1983 action began to accrue on the date which it allegedly occurred, December 17, 2020. This is true because Plaintiff, in his pleadings, identified that he had knowledge of being struck and the person who struck him on the day in which the allegations occurred. ECF No. 8 ("I'm out but was awaken with a blow to the front temple with [a] communication device from O. Pedro").

Assuming, *arguendo,* that Plaintiff's action somehow did not accrue on December 17, 2020, Plaintiff's claims are still time barred. On October 13, 2023, Plaintiff filed his first Amended

3

Complaint. ECF No. 8. As attachments to his Amended Complaint, Plaintiff filed several Step 1 Grievance Forms regarding the facts at issue (ECF No. 10) and a letter summarizing his allegations (ECF No. 9). A Step 1 form attached to his Amended complaint identifies Defendant Pedro as Plaintiff's alleged assailant as well as the allegations of excessive force at issue here. ECF No. 10 at 1-2. This same Step 1 grievance includes Plaintiff's signature, his TDCJ number, and is dated December 22, 2020. *Id.*

It cannot be disputed, then, that on or before December 22, 2020, Plaintiff knew (1) that an injury had occurred and (2) the identity of the person who allegedly inflicted the injury. All necessary information as it relates to the accrual of the statute of limitations was known to Plaintiff on December 22, 2020, if not sooner. Because Plaintiff possessed such knowledge, the two-year statute of limitations began to accrue no later than December 22, 2020. Therefore, the two-year statute of limitations expired no later than December 22, 2022.

Plaintiff's commencement of this civil action occurred when he filed his original complaint on August 30, 2023. This action was time-barred after December 20, 2022. Plaintiff initiated this lawsuit more than eight months after the statute of limitations had expired. Because Plaintiff's § 1983 claim is time-barred, it must be dismissed.

## V.     Prayer

Defendant Pedro respectfully asks this Court to grant his motion to dismiss and dismiss all claims against him.

Date: February 2, 2024

4

RESPECTFULLY SUBMITTED,

**KEN PAXTON**
Attorney General of Texas

**BRENT WEBSTER**
First Assistant Attorney General

**GRANT DORFMAN**
Deputy First Assistant Attorney General

**JAMES LLOYD**
Deputy Attorney General for Civil Litigation

**SHANNA E. MOLINARE**
Division Chief
Law Enforcement Defense Division

/s/ Troy M. Moyer
**TROY M. MOYER**
Assistant Attorney General
Texas State Bar No. 24135530
Troy.Moyer@oag.texas.gov

Office of the Attorney General
Law Enforcement Defense Division
P.O. Box 12548
Austin, TX 78711-2548
(512) 463-2080 / Fax (512) 370-9814

**ATTORNEYS FOR DEFENDANT O. PEDRO**

5

**NOTICE OF ELECTRONIC FILING**

I, **TROY M. MOYER**, Assistant Attorney General of Texas, certify that I have electronically submitted for filing a true copy of the foregoing in accordance with the Electronic Case Files System of the Eastern District of Texas on February 2, 2024.

/s/ Troy M. Moyer
**TROY M. MOYER**
Assistant Attorney General

**CERTIFICATE OF SERVICE**

I, **TROY M. MOYER**, Assistant Attorney General of Texas, do hereby certify that a true and correct copy of the foregoing has been served by placing same in the United States Mail, prepaid, within one business day of February 2, 2024, addressed to:

*Henry Cato, Jr., TDCJ No. 2214123*              *Via CMRRR* 7020 1290 0000 7445 2300
TDCJ – Michael Unit
2664 FM 2054
Tennessee Colony, TX 75886
**Plaintiff,** *Pro Se*

/s/ Troy M. Moyer
**TROY M. MOYER**
Assistant Attorney General