IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| HENRY CATO, Jr. #2214123 | § | |
| VS. | § | CIVIL ACTION NO. 6:23cv448 |
| O. PEDRO, et al. | § | |

REPORT AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE

Plaintiff Henry Cato, Jr., an inmate of the Texas Department of Criminal Justice (TDCJ), proceeding *pro se* and *in forma pauperis*, filed this complaint under 42 U.S.C. § 1983 complaining of alleged violations of his constitutional rights in the TDCJ's Coffield Unit. The lawsuit was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case. The operative complaint is Plaintiff's Amended Complaint, in support of which Plaintiff submitted several exhibits and additional statements. (Dkt. ##8–10, 12.)

Defendant O. Pedro is the only remaining Defendant following the Court's *sua sponte* dismissal of all other Defendants and claims. (Dkt. #22.) Defendant Pedro moves to dismiss this case on the grounds that it was filed after expiration of the time provided by the applicable the statute of limitations. (Dkt. #24.) Plaintiff has not responded to that motion. For reasons explained below, the undersigned recommends that the motion be denied.

**I. Plaintiff's Pleading**

Plaintiff alleges in pertinent part in his amended complaint that, while he was reaching for a face mask in an attempt to comply with Defendant Pedro's order to put on a mask, Defendant Pedro tackled Plaintiff, hitting his head hard enough to knock him out. (Dkt. #8 at 4.) Plaintiff

alleges that he was awakened with a blow to his temple by Defendant's radio. (*Id.*) He says Pedro took several swings at him with the radio, and that he suffered a concussion from the incident. (*Id.* at 6.) In his supporting documents, which the Court construes to be part of his amended complaint, Plaintiff states several times that this incident took place on December 17, 2020. (Dkt. #9 at 1; Dkt. #10 at 1; Dkt. #12 at 1.)

Three of those documents are TDCJ Step 1 Grievances about the incident, which are dated December 22, 2020, January 6, 2021, and January 18, 2021. (Dkt. #10.) All three grievances were returned to Plaintiff the day they were received, the latter two being marked "not grievable" because a disciplinary case related to the incident had not yet been heard. (*Id.*)

**II. Defendant's Motion to Dismiss**

Defendant moves to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. (Dkt. #24.) He points out that Plaintiff alleges the incident occurred on December 17, 2020, but he did not sign and submit his original pleading in this case until August 30, 2023, which is when it is deemed filed. (*Id.* at 1, 3; Dkt. #1 at 5.) And, perhaps anticipating that Plaintiff might claim that his injuries somehow delayed his filing, Defendant observes that the first of the grievances about the incident submitted by Plaintiff was signed by him on December 22, 2020, in which he was able to describe the alleged assault and name Defendant as the perpetrator. (*Id.* at 3–4; Dkt. #10 at 1–2.)

Accordingly, Defendant asserts that Plaintiff's two-year limitations period under Texas law expired no later than December 22, 2022, rendering his August 2023 pleading time-barred. (Dkt. #24 at 2, 4.) Defendant seeks dismissal on that basis. (*Id.* at 4.)

**III. Legal Standards**

The Fifth Circuit has observed that motions to dismiss under Rule 12(b)(6) are "viewed with disfavor and rarely granted." *See Turner v. Pleasant*, 663 F.3d 770, 775 (5th Cir. 2011). Such motions are generally evaluated on the pleadings alone. *See Jackson v. Procunier*, 789 F.2d 307, 309 (5th Cir. 1986). However, exhibits to a pleading are deemed to be part of the pleading. *Gen. Elec. Cap. Corp. v. Posey*, 415 F.3d 391, 398 n.8 (5th Cir. 2005).

Federal Rule of Civil Procedure 12(b)(6) permits dismissal if a plaintiff "fails to state a claim upon which relief may be granted." A complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v. FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010). This plausibility standard is not akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept as true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414, 2012 WL 5419531 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a

"formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*. *Pro se* plaintiffs are held to a more lenient standard than are lawyers when analyzing a complaint, but *pro se* plaintiffs must still plead factual allegations that raise the right to relief above the speculative level. *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 469 (5th Cir. 2016).

In reviewing a motion to dismiss under Rule 12(b)(6), a district court is to take as true all material allegations in the complaint and construe them in the light most favorable to the non-moving party. *Kaiser Aluminum & Chem. Sales, Inc. v. Avondale Shipyards, Inc.*, 677 F.2d 1045, 1050 (5th Cir.1982). The moving party has the burden under a Rule 12(b)(6) motion to dismiss. *See Philips N. Am., LLC v. Image Tech. Consulting, LLC*, 22-CV-0147, 2022 WL 17168372, at *7 (N.D. Tex. Nov. 21, 2022).

## IV. Discussion and Analysis

There is no federal statute of limitations for 42 U.S.C. § 1983 actions; the relevant statute of the forum state furnishes the limitations period—but federal law determines the date the accrual commences. *See Owens v. Okure*, 488 U.S. 235 (1989). The statute of limitations in Texas for section 1983 actions is two years, as claims under section 1983 are governed by Texas's two-year, personal-injury limitations statute. *See Helton v. Clements*, 832 F.2d 332, 334 (5th Cir. 1987) ("Civil rights actions brought under 42 U.S.C. §§ 1981, 1983, 1985, and 1988 are deemed analogous to Texas tort actions, and therefore, the applicable limitations period is … two years."); *see also Wade v. City of Dallas*, 2018 WL 3966358 *1-2 (N.D. Tex. July 16, 2018) (citing and quoting *Helton*, 832 F.3d at 334). Plaintiff has been given the benefit of the prison mailbox rule as to the filing of his original complaint.  In *Houston v. Lack,* 487 U.S. 266 (1988), the Supreme Court established the prison "mailbox rule" and held that a *pro se* prisoner's complaint is deemed to be filed on the date that the prisoner submits the pleading to prison authorities to be mailed. *Id.* at 276; *see also*

4

*Spotville v. Cain,* 149 F.3d 374, 376 (5th Cir. 1998) (per curiam) (holding that a *pro se* prisoner's § 1983 complaint is filed as soon as the pleadings have been deposited into the prison mail system).

The Fifth Circuit has stated that "the limitations period begins to run 'the moment the plaintiff becomes aware that he has suffered an injury or has sufficient information to know that he has been injured." *See Piotrowski v. City of Houston*, 237 F.3d 567, 576 (5th Cir. 2001) (internal citation and quotations omitted); *Shelby v. City of El Paso, Tex.*, 577 F. App'x 327, 331-32 (5th Cir. 2014) (per curiam) ("The standard in § 1983 actions provides 'that the time for accrual is when the plaintiff knows or has reason to know of the injury which is the basis of the action.'") (quoting *Burrell v. Newsome*, 883 F.2d 416, 418 (5th Cir. 1989)).

The equitable tolling principles of the forum state control in Section 1983 cases. *King-White v. Humble Indep. Sch. Dist.*, 803 F.3d 754, 764 (5th Cir. 2015). To the extent that Plaintiff would assert that his injuries prevented him from timely filing his complaint, under Texas law, a physical limitation is not a basis to toll the statute of limitations. *See* Tex. Civ. Prac. & Rem. Code Ann. § 16.001(a) (defining legal disability as a person younger than 18 or of unsound mind); *see Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 755–56 (Tex. 1993) (describing legal disability based on unsound mind, none of which included physical impairment). Moreover, as Defendant correctly observed, any injuries Plaintiff suffered did not prevent him from being able to know and describe what had happened or identify the perpetrator by December 22, 2020. Accordingly, Plaintiff's injuries would not be a basis for equitable tolling in this case.

However, the Fifth Circuit has held that, because the PLRA requires a prisoner to first exhaust his administrative remedies, a prisoner is entitled to equitable tolling of the applicable limitations period in civil rights cases filed pursuant to 42 U.S.C. § 1983. *Clifford v. Gibbs,* 298 F.3d 328, 333 (5th Cir. 2002); *Harris v. Hegmann,* 198 F.3d 153, 158 (5th Cir. 1999); *Pedder v. Marquez*, No. CV H-21-0494, 2021 WL 1669599, at *2 (S.D. Tex. Apr. 28, 2021), *aff'd*, No. 21-

20305, 2022 WL 1773363 (5th Cir. June 1, 2022) ("When a civil rights lawsuit is brought by an incarcerated person the statute of limitations is tolled during the time that the plaintiff spent exhausting available administrative remedies."). The exhibits to Plaintiff's amended complaint clearly establish that he began the TDCJ's administrative remedies process, but Defendant has not established whether or when that process concluded or otherwise addressed this tolling issue. And this is despite Defendant's own reliance on one of the grievances to establish when Plaintiff's cause of action accrued. *See State Farm Mut. Auto. Ins. Co. v. Misra*, 658 F. Supp. 3d 362, 371 (W.D. Tex. 2023) (finding no basis not to consider complaint's exhibits where "[b]oth sides refer to the exhibits").

It is Defendant's burden in his motion to establish that Plaintiff's filing was untimely. But, making all inferences from the amended complaint and its exhibits in Plaintiff's favor, it appears possible that Plaintiff is entitled to some amount of tolling of the limitations period from his efforts to exhaust administrative remedies, and that the extent of that tolling cannot be determined from the current record. Having failed to address that issue, which is fairly raised by Plaintiff's pleading and supporting documents, Defendant has failed to carry his burden. *See id.* (explaining that moving party's "conclusory statements [may be] insufficient to support dismissal under Rule 12(b)(6), especially when the movant disregards relevant portions of the operative pleading").

### V.  Conclusion

For the reasons explained above, Defendant Pedro's motion should be denied without prejudice to his ability to seek summary judgment on the same issue.

## RECOMMENDATION

Accordingly, the undersigned recommends that Defendant's motion to dismiss (Dkt. #24) be **DENIED** without prejudice to his ability to raise the limitations defense again with the evidence required to establish when the tolling attributable to Plaintiff's exhaustion of administrative remedies ended.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

**So ORDERED and SIGNED this 13th day of May, 2024.**

JOHN D. LOVE
UNITED STATES MAGISTRATE JUDGE